IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DEMARCO SHAQUILLE BASS,**

    **PLAINTIFF,**

VS.                                   **CV NO.:**

**GIBSON LANDSCAPE SERVICES
OF ALABAMA, LLC,**

    **DEFENDANT.**                     **JURY TRIAL DEMANDED**

**COMPLAINT**

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race discrimination.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A).  Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

      3.     This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 42 U.S.C. § 1981.  This is a suit authorized and instituted pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981.  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendants' violation of the Acts and for injunctive relief and damages.

## II. PARTIES

      4.     Plaintiff Demarco Shaquille Bass (hereinafter "Plaintiff") is a resident of Hueytown, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

      5.     Defendant Gibson Landscape Services of Alabama, LLC (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981.  Defendant employed

at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 5 above.

7. Plaintiff is Black.

8. Gibson is White.

9. At all times relevant to this Complaint, Defendant has maintained and operated a landscaping service with business operations in both Birmingham, Alabama and Alpharetta, Georgia.

10. At all times relevant to this Complaint, Defendant's Corporate Office was located in Alpharetta Georgia.

11. At all times relevant to this Complaint, Tony Gibson owned and operated Defendant's Alabama and Georgia locations.

12. Gibson is the registered agent for Defendant's Alabama and Georgia locations.

13. Defendant's Alabama and Georgia locations share resources, clients, and employees.

14. On or about August 17, 2020, Defendant hired Plaintiff as a Ground Maintenance Crew Member.

15. During April 2022, Gibson informed all employees that Defendant was closing its Alabama branch.

16. Gibson informed all of the employees at its Alabama branch that their last day of employment would be near the end of May 2022.

17. On May 27, 2022, Defendant "laid off" (also known as a reduction-in-workforce) Plaintiff.

18. On May 27, 2022, Defendant "laid off" at least two other Black employees, James Willis and David Banks.

19. During June 2022, Plaintiff observed Defendant's company vehicles operating at a Ground Maintenance project in his area.

20. When Plaintiff observed Defendant operating in his area, he discovered that Defendant had maintained several Hispanic employees.

21. Defendant did not subject Ramiro Monray Vasquez, Martin Chavez, Cecilio Garcia Padilla, Adan Pilado, and Raul Gutierrez-Miranda to a reduction-in-workforce.

22. Defendant retained Juan Ramirez, Daniel Aldana, and Ivan Garcia Pillado as Independent Contractors.

23. Defendant did not retain any Black employees as Independent Contractors.

24. During the EEOC investigation, Defendant alleged that prior to closing its Alabama location, another employee, David Smith, opted to buy out the business.

25. D. Smith is White.

26. Prior to May 27, 2022, Plaintiff asked D. Smith if there was any "any way" to keep Defendant's Alabama location operational.

27. D. Smith denied any possibility of Defendant continuing operations in Alabama.

28. During the EEOC investigation, Defendant produced no evidence that it had been purchased.

29. As of February 8, 2023, Defendant had not sold its Alabama location to D. Smith.

30. If a buy-out did occur, Defendant has not updated its information with the Alabama Secretary of State.

31. During the EEOC Investigation, Defendant asserted that it retained employees based on experience at its Alabama location, performance, and disciplinary history.

32. Defendant employed Willis (Black) for approximately three years.

33. Defendant employed Banks (Black) for approximately three years.

34. Defendant employed Plaintiff (Black) for approximately one year and nine months.

35. Defendant employed Ramirez (Hispanic) less than three months.

36. Defendant employed Aldan (Hispanic) for approximately eight months.

37. Defendant employed I. Garcia Pillado (Hispanic) for approximately one year.

38. Throughout Plaintiff's employment, Defendant did not issue Plaintiff any disciplinary actions.

39. Throughout Plaintiff's employment, Plaintiff's performance met, or exceeded Defendant's expectations.

40. Following notice of Defendant's Alabama location's pending closure, D. Smith praised Plaintiff's performance and work ethic.

41. The EEOC found that "a class of African Americans were discriminated against when they were discharged."

42. The EEOC found that Defendant's evidence indicated that Defendant "discharged all the African American employees and retained only the Hispanic employees."

43. The EEOC found that "none of the African American employees were notified that [Defendant] failed to cease operations."

44. The EEOC found that Defendant's Alabama location and Georgia location consisted of an integrated enterprise such that Defendant is an employer covered under Title VII.

## IV. COUNT ONE – Title VII – Race Discrimination – Reduction in Workforce.

45. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 44 above.

46. Plaintiff is Black.

47. On May 27, 2022, Defendant reduced its labor workforce.

48. Defendant subjected all its Black employees, including Plaintiff, to a reduction-in-workforce.

49. As part of its reduction-in-workforce, Defendant maintained the employment of all Hispanic employees as either employees or independent contractors.

50. Several employees that Defendant maintained had less experience than Plaintiff.

51. Plaintiff had no disciplinary history.

52. Plaintiff's supervisor(s) praised Plaintiff's performance and work ethic.

53. In violation of Title VII, Defendant subjected Plaintiff to a reduction-in-workforce, in whole or in part, because of his race.

54. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## V.  COUNT TWO – 42 U.S.C. § 1981 – Discrimination – Reduction in Workforce

55.  Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 44 above.

56.  Plaintiff is Black.

57.  On May 27, 2022, Defendant reduced its labor workforce.

58.  Defendant subjected all its Black employees, including Plaintiff, to a reduction-in-workforce.

59.  As part of its reduction-in-workforce, Defendant maintained the employment of all Hispanic employees as either employees or independent contractors.

60.  Several employees that Defendant maintained had less experience than Plaintiff.

61.  Plaintiff had no disciplinary history.

62.  Plaintiff's supervisor(s) praised Plaintiff's performance and work ethic.

63.  In violation of 42 U.S.C. § 1981, Defendant subjected Plaintiff to a reduction-in-workforce because of his race.

64.  As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1866;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award him back pay, together with employment benefits, front pay, compensatory damages, special damages, nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 2000e *et seq*, and 42 U.S.C. §1981 and §1981a that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_/s/ Allen D. Arnold_
_____
Allen D. Arnold

_/s/ Whitney Morgan Brown_
_____
Whitney Morgan Brown

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com
whitney@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_/s/ Allen D. Arnold_
_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Gibson Landscape Services of
Alabama, LLC
c/o Tony R. Gibson
3005 Edgewood Dr.
Scottsboro, Alabama 35769